JOHN A. RAIN, ETC., v. KITTY STURGEON'S ADMR.

**Gifts—Causa Mortis—By Delivery—Consideration—Mere Promise Cannot be Enforced.**

An individual can make a gift by delivery but his mere promise to make a gift can not be enforced, although in writing, unless there is a consideration for the promise. The fact that one named a child for another, where there is no relationship existing, is not sufficient to uphold a promise.

APPEAL FROM HARDIN CIRCUIT COURT.

February 22, 1872.

OPINION BY JUDGE PETERS:

The paper on its face shows that Mrs. Sturgeon, who signed it, never intended it to have the force and character of a valid promisory note in her life time.

It was not delivered to be enforced against her, but against her estate after her death.

An individual can make a gift of goods, chattels and money to another by delivery, but his promises to make a gift of any of these things cannot be enforced. But if there is a consideration for the promise, it is not a gift. *Phelps vs. Phelps,* 28 Barb. 121, 7. Johns; Repts. 25. *Pearsons vs. Pearson.* We then must inquire whether there is a sufficient consideration proved in this case to uphold the promise. It does not appear that there was any consideration for the promise except that appellant had named a daughter for Mrs. Sturgeon, but there was no relation between the parties, and no consideration of blood, therefore, existed to uphold the promise. It is then a mere promise to pay a sum of money as a mere gratuity or gift, and, although it is in writing, cannot be enforced. *Mark v. Clark & Wife,* 11 B. Monroe 44. Judgment must be affirmed.

*Wilson, for appellant.*

*Merriott, for appellee.*